SCATTERGOOD *v.* TUTTON.[*]

*(Circuit Court, E. D. Pennsylvania.   April 28, 1880.)*

CUSTOMS—DUTIES ON FRUIT—ALLOWANCE FOR DECAY—INTERPRETATION OF STATUTE.—The terms " quantity " and " whole quantity," in schedule "M," § 2504, Rev. St. 476, relating to duties on imported fruit, and making an allowance for loss on decay which exceeds 25 per cent. of the " quantiy," relate to the whole importation of fruit, and not to the quantity in each particular package damaged.

Motion for judgment on point reserved.

This was an action against the collector of customs to recover back duties alleged to have been illegally exacted upon an importation of oranges.   The verdict was for the plaintiff, subject to a point of law reserved by the court as to the proper construction of schedule "M," § 2504, Rev. St. 476, under which the duties were levied.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

*George P. Rich* and *Charles M. Neal,* for plaintiff.

*John K. Valentine,* for defendant.

BUTLER, D. J. Judgment must be entered for the defendant. The case turns upon schedule "M," § 2504, Rev. St. 476: "Fruits, oranges, lemons, pineapples and grapes, 25 per cent. *ad valorem;* limes, bananas, plantains, shaddocks, mangoes, 10 per cent. *ad valorem.* But no allowance shall be made for any loss by decay on the voyage unless the loss shall exceed 25 per centum of the quantity, and the allowance then made shall be only for the amount of loss in excess of 25 per centum of the whole quantity."

Do the terms "quantity" and "whole quantity" here employed relate to the quantity *imported* or the quantity *damaged?* Possibly no very great violence would be done to the language by either construction; but its most natural import, certainly, is the quantity *imported,* the quantity liable to duty. Indeed, it is a little difficult to understand how the term "whole quantity" can have any other rational application. Where is the warrant for applying it to a particular package?

The manner of proceeding to ascertain losses generally on merchandise (referred to in the plaintiff's argument) does not affect the question. When loss is alleged on importations of fruit, the claimant must submit the entire shipment to ascertain whether the loss exceeds 25 per cent. of the whole quantity on which he is charged before any reduction can be had. If the term "whole quantity" does not refer to the quantity imported, why should it be applied or confined to the quantity in a *particular package,* rather than to particular oranges, lemons, etc., damaged? Why not assort these from the several packages and apply the term "whole quantity" to the quantity thus found to be actually damaged? The arrangement into several packages is merely for convenience in carriage; and the number and size of the packages (which are subject to the will of the importer) should not have, and have not, any effect on the liability to duty. The charge is imposed on the quantity shipped as a whole, and no allowance for loss is made, except where it is so considerable as to exceed 25 per cent. of the entire importation. Prior to the

year 1870, allowance was made for all of such losses, by deducting them from the whole amount of duty in each case. In that year congress (manifestly to avoid allowance for trifling losses) applied the limitation here under consideration. The only change thus effected is in the exclusion of the 25 per cent. in making the reduction. Unless the loss exceeds 25 per cent. of the whole quantity subject to duty, no reduction is to be made.

The treasury department appears to have decided this question both ways; the last time, however, as we think, in conformity to the law.